IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RAYMOND WAYNE SULLIVAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil No. 7:14-CV-082-O |
| RICHARD E. WATHEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Findings and Conclusions

Under the authority of 28 U.S.C. § 636(b), Plaintiff's Motion for Preliminary Injunction (ECF No. 44) was referred to the undersigned United States Magistrate Judge by order of reference (ECF No. 55) for hearing, if necessary, and findings of fact, conclusions of law, and recommendation for disposition.

Plaintiff alleges that his prison craft shop privileges were revoked and that his craft shop tools and materials were taken from him for the purpose of retaliation because he had lodged a complaint with the prison warden. *See* Plaintiff's Second Amended Complaint, ECF No. 54. On April 10, 2015, Plaintiff filed a Motion for Preliminary Injunction seeking to prevent the destruction of his craft shop property pending final disposition of this lawsuit. *See* ECF No. 44.

Initially, Defendants were opposed to Plaintiff's motion. *See* Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction, ECF No. 47. However, Defendants have now filed a Supplemental Response to Plaintiff's Motion for Preliminary Injunction (ECF No. 60) in which they "agree to keep, maintain, and not dispose of Sullivan's craft-shop property ... during

the duration of this lawsuit." *See* ECF No. 60 at 2. In support of their response, Defendants have attached the affidavit of Senior Warden Richard E. Wathen in which the Warden avers that Plaintiff's craft-shop property is within the custody and control of the TDCJ Allred Unit and will not be disposed of during the pendency of this action. *See* ECF No. 60, Exhibit A. Submitted along with the Warden's affidavit is the inventory sheet, signed by Plaintiff, listing each item of craft-shop property that was confiscated and is being held. *See* ECF No. 60, Exhibit B.

## Recommendation

Because Defendants have agreed to preserve Plaintiff's craft-shop property for the duration of this lawsuit, there is no longer any controversy on this issue. Based upon the foregoing, I recommend that the District Court DENY Plaintiff's Motion for Preliminary Injunction as MOOT.

## Standard Instruction to Litigants

A copy of this report containing findings, conclusions, and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

<u>Orders Regarding Related Matters</u>

The Order Setting Hearing in this matter (ECF No. 57) is VACATED.

The Writ of Habeas Corpus Ad Testificandum (ECF No. 58), entered to secure Plaintiff's appearance at the hearing, is VACATED.

Plaintiff's request for subpoenas for hearing witnesses (ECF No. 59) is DENIED as MOOT.

<u>Special Instructions to the Clerk of Court and to the Warden</u>

The **Clerk of Court** is directed to serve copies of these Findings, Conclusions, and Recommendation, and the orders included herein, on Plaintiff; Counsel for Defendants; the Warden of the James v. Allred Unit at Fax No. 940-855-7195; and Cathy Smith, TDCJ-CID Hearing Coordinator at Fax No. 512-936-2159.

Due to the timing of the resolution of the matter pending before this Court, the **Warden of the James V. Allred Unit**, where Plaintiff is incarcerated, shall cause a copy of this Recommendation and Orders on Related Matters to be delivered to Plaintiff by 8 a.m. Tuesday, June 16, 2015.

It is so ORDERED this 15th day of June, 2015.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE